**WEI WU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72278.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2008.

Filed Feb. 26, 2008.

Joseph S. Porta, Esq., Law Offices of Cohen Porta & Kim, Los Angeles, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, THOMPSON, and M. SMITH, Circuit Judges.

MEMORANDUM [*]

Petitioner Wei Wu challenges the denial of his applications for asylum, withholding

---

[*] This disposition is not appropriate for publica- tion and is not precedent except as provided

of removal, and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) denied his applications on the basis of an adverse credibility finding. We deny Wu's petition for review.

We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the Board of Immigration Appeals (BIA) adopted the IJ's opinion, we review the IJ's ruling as the BIA's own. *Yeimane–Berhe v. Ashcroft*, 393 F.3d 907, 910 (9th Cir.2004). We review adverse credibility findings under the deferential substantial evidence standard, and the court must uphold the finding "unless the evidence presented would *compel* a reasonable finder of fact to reach a contrary result." *Singh–Kaur v. INS*, 183 F.3d 1147, 1149–50 (9th Cir.1999). Nevertheless, "the IJ must provide specific, cogent reasons for reaching an adverse credibility determination, and minor inconsistencies or factual omissions that do not go to the heart of the asylum claim are insufficient to support it." *Yeimane–Berhe*, 393 F.3d at 910–11 (quotation and citation omitted).

■ Here, the IJ's adverse credibility finding was supported by substantial evidence. Several inconsistencies existed in Wu's testimony. Most notably, the record does not compel us to overturn the IJ's determination that Wu "provided no coherent explanation for how he was able to leave China on an official passport in his own name while allegedly being sought by the authorities." Furthermore, the record supports the IJ's finding that Wu's testimony concerning his daily routine during his detention was internally materially inconsistent. So long as one of the identified grounds for an adverse credibility determination is supported by substantial evidence, we must uphold the IJ's finding.

*Li v. Ashcroft*, 378 F.3d 959, 964 (9th Cir.2004).

■ We decline to reach the question of whether the IJ properly considered the asylum officer's notes for impeachment purposes because even without the use of these notes, substantial evidence supported the adverse credibility finding.

■ Accordingly, Wu has not satisfied his burden of proof in establishing that he is eligible for relief under asylum and withholding of removal. Furthermore, because Wu does not meet his burden to show that he is an active Christian or that the government detained him for his Christian practice, he fails to satisfy his burden of proof for relief under CAT.

The petition for review is DENIED.